## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 3:09-cr-00240-15** |
| **v.** | ) | **3:09-cr-00240-26** |
| | ) | **Judge Nixon** |
| **ANTONIO LEE; JAMES CAMPBELL** | ) | |

## ORDER

Pending before the Court is Defendant James Campbell's Motion in Limine #1: Co-defendants' Statements/Confessions ("Motion"), in which Defendant requests that the Court exclude from trial all post-arrest, incriminatory statements by made by co-defendants. (Doc. No. 1177.) Defendant Antonio Lee subsequently joined the Motion. (Doc. No. 1576.) The Government filed a Response in which it states that *Bruton* issues do exist with respect to statements made by Defendants Thomas Branum and Howard Coleman. (Doc. No. 1266.)

The Court addressed the Motion at a hearing on January 4, 2013, at which time the Government stated that it would redact statements made by Defendants Branum and Coleman before introducing them at trial, in order to avoid violating other defendants' Sixth Amendment.

In *Bruton v. United States*, the Supreme Court held that that the introduction of a co-defendant's confession in a joint trial, that implicated the defendant, "violated [defendant]'s right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." 391 U.S. 123, 126 (1968). The Supreme Court in *Bruton* also found that the violation could not be cured by an instruction to the jury to not use the confession against the non-confessing defendant. *Id.* at 129. The Sixth Circuit has held that a defendant's Sixth Amendment Confrontation Clause rights may be violated even where co-defendant confessions are redacted prior to being admitted based on "whether the admission of the redacted confession created a 'substantial risk' that the

jury considered the confession in determining the non-confessor's guilt. *United States v. Pickett*, 746 F.2d 1129, 1133 (6th Cir. 1984) (quoting *Burkhart v. Lane*, 574 F.2d 346, 349 (6th Cir. 1978)).

Here the Government appears to have admitted it will seek to use confessions from two defendants that implicate co-defendants at trial. (*See* Doc. No. 1266; January 4, 2013 hearing.) Although the Government has stated that it will redact the confessions to prevent *Bruton* issues with respect to non-confessing defendants, the Court finds that the constitutional implications associated with this evidence require vigilance to protect non-confessing defendants' rights under the Sixth Amendment.

The Court therefore **ORDERS** the Government to disclose redacted confessions of any defendant in this case that the Government seeks to use at trial no later than **January 15, 2013**. Accordingly, Mr. Campbell's Motion is **DENIED**. Upon receipt of the Government's redacted confessions, Mr. Campbell's Motion may be refiled requesting specific confessions to be excluded, and the reasons therefore.

It is so ORDERED.

Entered this ____7th____ day of January, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT