IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 3:09-cr-00240-15 |
| ) | Judge Trauger |
| ANTONIO LEE ) | |
| ) | |

**ORDER**

On December 20, 2022, the defendant filed a *pro se* motion for compassionate release based primarily upon medical issues (Doc. No. 3558). Counsel was appointed and, on April 2, 2023, counsel filed a Supplemental Motion to Reduce Sentence by Compassionate Release (Doc. No. 3581). The government filed a Response in Opposition (Doc. No. 3594), along with medical records showing that the defendant had had an MRI on his back and was scheduled for a neurological consult. However, before the neurological consult could take place, the defendant was abruptly transferred to another institution, where the whole process had to start over again, including a second MRI. The court required an explanation for the abrupt transfer (Doc. No. 3597) and the government filed Declarations by Bureau of Prisons officials addressing this issue (Doc. Nos. 3598, 3600). The court has required the filing of periodic status updates on the defendant's course of treatment beginning in August 2023 through the present.

The most recent update by the Bureau of Prisons that was filed on January 16, 2025 includes the Declaration of a nurse practitioner at USP Terre Haute, along with voluminous medical records (Doc. No. 3687). He arrived at USP Terre Haute on February 29, 2024 with the recommendation that he be evaluated by an outside neurosurgeon (*id*. at 91). Although a physician stated on March 12, 2024 that he "will place consult at this time", the defendant did not see the outside neurosurgeon until October 21, 2024 (*id*. at 1). In the meantime, he reported that the pain medication prescribed

for him was "not helping" (*id*. at 38). Despite the fact that the neurosurgeon had recommended on October 21, 2024 that the defendant receive a "transforaminal epidural steroid injection" (*id*. at 2), the record from that day reflects "No follow up at this time. Inmate to follow up at sick call as needed and return immediately if condition worsens." (*id*. at 31). On December 30, 2024, probably due to the filing by the defendant of a Supplemental and Expanded Motion for Compassionate Release on November 13, 2024 (Doc. No. 3680), a physician in Health Services reviewed the neurosurgeon's report and saw that the neurosurgeon had recommended an epidural steroid injection that the defendant had not yet received (*id*. at 30). This report states that the "target date" for that injection is March 28, 2025, some 5 months after the recommendation for that injection was made by the neurosurgeon.

On August 28, 2023, anticipating the passage of new sentencing guidelines relevant to this defendant's case for compassionate release, counsel filed a Second Supplemental Motion Pursuant to 18 U.S.C § 3582(c)(1)(A)(I). (Doc. No. 3609). Indeed, those amendments have gone into effect, and some are relevant to the defendant's present arguments for a reduced sentence:

1. Section 1B1.13(b)(1)©. The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

2. Section 1B1.13(d) REHABILITATION OF THE DEFENDANT. - Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

The defendant was granted leave to file a *pro se* Supplemental and Expanded Motion for Compassionate Release (Doc. No. 3680) addressing these amendments to the Sentencing Guidelines.

The defendant has served nearly 16 years of a 19-year sentence, with an anticipated release date of February 5, 2029. The government agrees that he has exhausted his administrative remedies by being denied compassionate release by his Warden. (Doc. No. 3594 at 7). He is presently housed at USP Terre Haute. He has been incarcerated since 2009 and is 47 years old. The medical records establish that he is often confined to a wheelchair and has "significant spinal degeneration and stenosis" (Doc. No. 3659 at 8), the pain from which is not being well-controlled. He has Type 2 diabetes and neuropathy (*id*. at 10), is morbidly obese with a BMI of 49.2 (*id*. at 5), and has hypertension and osteoarthritis. The stenosis particularly can be characterized as a medical condition that requires "long-term or specialized medical care", and the court finds that that care "is not being provided" and that, without it, the defendant "is at risk of serious deterioration in [his] health".

Although his crimes are serious ones, they were committed 15 years ago, and his rehabilitation within the last several years has been significant. The record is replete with certificates demonstrating his completion of numerous courses including the Challenge Program (Doc. No. 3582), where he served as a peer leader who embodied "the overall concept of the Challenge Program" and mediated conflicts between participants, helped ensure inmate-led meetings/committees were run well, oversaw after-hours meetings, and provided general assistance "to community members who might be struggling". (Doc. No. 3581-1 at 1).

The court finds that the defendant's medical condition and demonstrated rehabilitation provide extraordinary and compelling reasons for his compassionate release and that the 18 U.S.C. § 3553(a) factors do not militate against that release. He has served over two-thirds of his sentence, which is a just and sufficient punishment for his crimes committed many years ago and which reflects the seriousness of the offense. His age, medical conditions, and present mindset all provide

evidence that he is not likely to recidivate and that the community will be safe upon his release.

For all these reasons, the defendant's request for compassionate release is GRANTED, and he is sentenced to TIME SERVED. There being a verified residence and an appropriate release plan in place, this Order is STAYED for up to 14 days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released a soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall file a joint motion to extend the release date.

Upon release, the defendant shall immediately begin to serve his 5-year term of supervised release. The previously imposed conditions and special conditions of his supervised release are unchanged.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE